## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                           No. CR 04-1902  JB

CLAYTON WEATHERS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Determine Competency, filed November 9, 2004 (Doc. 26); and (ii) the United States' Motion for Hearing, filed December 1, 2004 (Doc. 27).  The primary issue is whether the Court should order that the Defendant, Clayton Weathers, be sent to a federal medical facility for a psychological examination to determine his competency.  Because the Court is not yet ready for a hearing under 18 U.S.C. § 4241(d), the Court will grant Weathers' motion, will appoint its own expert, and will set up a § 4241(d) hearing.  The Court will deny the United States' motion; no hearing is needed at this stage of the proceedings, and the Court is not yet ready for a § 4241(d) hearing.

## FACTUAL BACKGROUND

The federal medical centers on a regular basis perform competency evaluations of criminal defendants.  The federal medical centers have paid competent psychologists and medical professional on their staff.

## PROCEDURAL BACKGROUND

Weathers' counsel represents that the Defendant has a significant history of mental illness.

Defense counsel represents that the nature of Weathers' mental illness may be sufficient to diminish Weathers' responsibility for his actions, and to render him unable to fully understand the nature of the proceedings against him and/or to assist counsel in his defense.  Weathers contends that the concept of due process precludes him being tried while incompetent.

Weathers moves the Court to suspend proceedings pursuant to 18 U.S.C. § 3161(h)(4) and to the due process clause of the fifth amendment to the United States Constitution, and to enter an Order to determine whether he is competent to stand trial.  The United States does not object to Weathers' motion provided that the United States evaluates Weathers' competency.  Weathers is unclear in his motion what he wants.  At one place in his motion, Weathers submits that a medical expert of his own choosing should evaluate his competency.  In his prayer, however, he asks that the Court appoint the expert.

The United States also moves the Court, asking it to set up a hearing to address Weathers' motion to determine competency.  The United States does not oppose Weathers being examined to determine whether he is competent to stand trial.  The United States, however, requests that the Court send Weathers to a federal medical center for a psychological evaluation to determine his competency.

## LAW REGARDING OFFENDERS WITH MENTAL DISEASE OR DEFECT

18 U.S.C. § 4241 provides the procedures for the Court to use in determining the defendant's mental competency to stand trial.  Section 4241(a) provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Section 4241(b) provides that the court may order a psychological examination pursuant to 18 U.S.C. § 4247(b) and (c) before the hearing. Section 4241(c) requires the competency hearing to be conducted pursuant to 18 U.S.C. § 4247(d), which provides for representation of the defendant by counsel, an opportunity for him to testify, to present evidence, to subpoena witnesses on his behalf, and the opportunity to confront and to cross-examine witnesses. The court then makes its determination and disposition pursuant to 18 U.S.C. § 4241(d).

Section 4241(d) of Title 18 reads:

(d) Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –

(1) for such a reasonable period of time, not to exceed four months a s   i s necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
(2) for an additional reasonable period of time until –

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law; whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

18 U.S.C. § 4241(d).  Section 4246 specifies the procedures a court must follow in the case of a person whom a court has committed pursuant to § 4241(d) (or who is to be released) but is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and suitable arrangements for state care and custody of the defendant are not available.

## ANALYSIS

The Court does not need a hearing so that the Court can order Weathers be evaluated to determine competency to stand trial.  See 18 U.S.C. § 4241(a), (b).  The only question is whether the Court should order Weathers be sent to a federal medical center for such an evaluation.  If a medical expert of Weathers' own choosing evaluates him, the United States Attorney's Office pays for that evaluation.  Because the United States already has professionals on its payroll who can competently evaluate Weathers, the government contends that the Court should send him to a federal medical center for such an evaluation.

At this stage of the proceedings, the Court needs to set a § 4241(d) hearing.  To prepare for that hearing, it would be good for the Court to have a psychiatric or psychological examination done.  The § 4241(d) hearing, however, is an adversarial proceeding.  Weathers and counsel should first determine its position, and an expert in which Weathers has confidence will assist the defendant in determining its position.

If the Court, at the § 4241(d) hearing, determines, by a preponderance of the evidence, that Weathers is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court shall commit him to the Attorney General's

custody.  See United States v. Shawar, 865 F.2d 856, 859, 860 n.4, 861, 863 (7th Cir. 1989); United

States v. Morales-Gonzales, No. CR 03-1890 JB, Memorandum Opinion and Order at 4-9 (D.N.M.,

filed September 21, 2004).  The structure of § 4241, however, suggests that the Court need not send

him to the federal medical facilities until the § 4241(d) hearing.  Until that hearing, Weathers should

have an opportunity to prepare adequately for the § 4241(d) hearing.  After that hearing, if the Court

makes a finding that Weathers is not currently competent, the United States will have an opportunity

to conduct its own evaluation.

    While cost is always a concern, assurance of a fair process for the Defendant is more

important.  The § 4241(d) determination is an adversarial process.  The evaluation at this stage is to

assist the Court and help it get the determination right; sending Weathers to a federal medical facility

may not necessarily best assist the adversarial process.

     While the Court will not send Weathers to a federal medical facility, the Court reminds all

parties that the psychiatric or psychological examination at this stage is largely to assist the Court in

making its § 4241(d) determination.  While Weathers certainly should have input into the selection

of an expert, the Court believes it should play a role.  The United States and Weathers shall see if they

can agree on an expert and, if they can, submit a stipulated order that requires the expert to produce

a report pursuant to the provisions of § 4247(b) and (c).  If the parties cannot agree on an expert,

each side should submit a letter to the Court with its or his nomination.

    **IT IS ORDERED** that the Defendant's motion is granted and the Plaintiff's motion is denied.

The Court will not conduct a hearing to address the Defendant's motion to order a competency

evaluation.  The Court will appoint a medical expert to evaluate his mental condition.  The Court will

also set up a hearing under 18 U.S.C. § 4241(d).  Proceedings against the Defendant are suspended.

The Court finds that, pursuant to 18 U.S.C. § § 3161(h)(1)(A) and 3161(h)(8), the ends of justice and good cause that require a competency evaluation, outweigh the best interests of the public and of the Defendant in a speedy trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Louis Valencia
  Assistant United States Attorney
   for the District of New Mexico
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Charles E.  Knoblauch
Albuquerque, New Mexico

     *Attorney for the Defendant*

-6-