## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                      No. CR 04-1902 JB

CRISTOVAL QUINTANA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Cristoval Quintana's Sentencing Memorandum, filed May 19, 2005 (Doc. 62). The primary issues are: (i) whether the Court should grant Defendant Cristoval Quintana's request for a downward departure and reduce his criminal history category from III to II; or (ii) whether the Court should, in the alternative, deviate from the United States Sentencing Guidelines ("Guidelines"). Because the Court does not believe that reliable information indicates that Quintana's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes, a downward departure is not warranted, and the Court will deny Quintana's request in part. The Court, believing that a deviation from the Guidelines is appropriate in this case, will grant Quintana's request in part, and will impose a reasonable sentence.

## FACTUAL BACKGROUND

On September 15, 2004, two males, later identified as Quintana and his co-Defendant, Clayton Weathers, robbed the First State Bank on Juan Tabo in Albuquerque. See Sentencing Memorandum at 1. Quintana and Weathers entered the bank, asked some questions of a teller, and then pointed a

gun at the teller and demanded money.  See id.  A customer at the bank observed the two leaving the

bank in a grey sedan.  See id.  Shortly thereafter, Albuquerque Police Detectives apprehended the

Defendants.  See id.

## PROCEDURAL BACKGROUND AND GUIDELINE CALCULATIONS

On September 28, 2004, a grand jury returned an indictment charging Quintana with one

count of Armed Bank Robbery and Aiding and Abetting, in violation of 18 U.S.C. § 2113(a) and (d)

and 18 U.S.C. § 2, and one count of Using, Carrying and Possessing a Firearm in Relation to a Crime

of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2.

See Indictment, filed September 28, 2004 (Doc. 14); Sentencing Memorandum at 1.  Quintana pled

guilty to both counts on January 28, 2005.  See Plea Agreement, filed January 28, 2005 (Doc. 45).

Quintana has four criminal history points.  See Pre-Sentence Investigative Report ("PSR")

¶¶ 42-46, at 9-11.  Those points are a result of Quintana's two convictions for misdemeanor

possession of marijuana, one conviction for possession of drug paraphernalia, and one conviction for

shoplifting.  See id.  With four criminal history points, Quintana has a criminal history category of III.

See id. ¶ 46, at 11.  As to the bank robbery count, the PSR indicates Quintana's offense level is 19

and his criminal history category is III.  See id. ¶ 38, at 9.  The resulting Guidelines range is 37-46

months.  See id. ¶ 64, at 13.  The United States has stipulated that the Court should sentence

Quintana at the lower end of the Guidelines range.  See Sentencing Memorandum at 5.  In relation

to the firearm count, the Guidelines prescribe an additional 7-year sentence to be served consecutive

to the sentence imposed for Count I.  See PSR ¶ 41, at 9.

In this motion, Quintana requests that the Court find, pursuant to § 4A1.3, that the criminal

history category which most accurately reflects the seriousness of his criminal history is category II

rather than category III.  <u>See</u> Sentencing Memorandum at 5.  In the alternative, Quintana requests

that the Court sentence him to a non-Guidelines sentence below the Guidelines range.  <u>See</u> <u>id.</u>

## <u>LEGAL STANDARDS FOR SENTENCING</u>

The Supreme Court of the United States has rendered the Guidelines "effectively advisory."

<u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 757 (2005).  Anticipating that the new

advisory nature of the Guidelines would result in sentences outside of the applicable Guidelines range,

the Supreme Court directed district courts craft all sentences according to the non-excised provisions

of the Sentencing Reform Act.  Specifically, the Supreme Court stated that, although the Guidelines

are no longer mandatory,

> [t]he Act nonetheless requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp. 2004)

<u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. at 764-65.  Thus, while district courts must still

consider the Sentencing Guidelines, they are now one consideration among others.

## <u>SECTION 4A1.3(b)(1) OF THE GUIDELINES</u>

Section 4A1.3(b)(1) of the Guidelines provides: "If reliable information indicates that the

criminal history category does not adequately reflect the seriousness of the defendant's past criminal

conduct or the likelihood that the defendant will commit other crimes, a downward departure may

be warranted."  The Commission therefore provided district courts with specific authority to make

"adjustments" in the criminal history category based on "reliable information."  The information must

be "reliable" and indicative of a significant over-representation of either (i) the seriousness of the

defendant's criminal history; or (ii) the likelihood that the defendant will commit further crimes.

U.S.S.G. § 4A1.3.  The court need find only one or the other present to depart.  See United States

v. Caldwell, 219 F.3d 1186, 1195 (10th Cir. 2000).  The United States Court of Appeals for the

Tenth Circuit articulated the test for departure under § 4A1.3 (b)(1):

> In departing downward from the career offender guideline under § 4A1.3, the district
> court must justify its finding that a defendant's career offender status "significantly
> overstates" the seriousness of his criminal history or likelihood of recidivism.  United
> States v. Collins, 122 F.3d 1297, 1304 (10th Cir. 1997).  "As with all departure
> decisions, the district court should consider all of the factual circumstances that bear
> upon a defendant's criminal history and likelihood for recidivism, but the district court
> may not rely on any impermissible departure factors."  Id.  Impermissible factors
> include (1) forbidden factors, (2) discouraged factors that are not present to some
> exceptional degree, and (3) encouraged factors already taken into account by the
> applicable guideline that are not present to some exceptional degree.  United States
> v. Benally, 215 F.3d 1068, 2000 U.S. App. LEXIS 12728, 2000 WL 743673 at *3
> (10th Cir. 2000).

United States v. Caldwell, 219 F.3d at 1195.

## ANALYSIS

The Court does not believe that, under the circumstances of this case, category III over-

represents the seriousness of Quintana's criminal history.  Moreover, the Court cannot say that

category III over-represents the likelihood that Quintana will commit further crimes.  While the Court

does not believe that the circumstances justify a downward departure under the Guidelines, the Court

does believe that 33 months would be a more reasonable sentence for Count I than the Guidelines

sentence, given the long consecutive sentence that the Court will impose for Count II.

-4-

## I.    A DEPARTURE FROM THE GUIDELINES IS NOT WARRANTED IN THIS CASE.

Quintana contends that category II more accurately reflects the seriousness of his criminal history.  Quintana maintains that his prior convictions are for relatively minor infractions.  Quintana argues that he does not belong in the same criminal history category as someone with two serious, violent felonies.  See Sentencing Memorandum at 5.  He maintains that such a defendant would receive 3 criminal history points for each such violent felony, placing him in category III.  See id. Quintana argues that four misdemeanor convictions for relatively minor offenses are not of comparable seriousness.  See id.  Accordingly, Quintana requests that the Court depart from the criminal history category III to II in determining the appropriate Guidelines sentence.  See id.  With a departure to criminal history category II, the applicable Guidelines range would be 33-41 months. See id.

In support of his contention that the Court may consider factors already taken into account by the Guidelines in a decision to depart, Quintana cites the Court to United States v. Shoupe, 988 F.2d 440 (3rd Cir. 1993).  The court in Shoupe stated: "We hold that as the plain language of § 4A1.3 provides, a district court considering a § 4A1.3 departure may weigh [factors] . . . including factors which the Commission may have otherwise considered in promulgating other provisions of the Guidelines."  Id. at 988 F.2d at 447.  Quintana, however, failed to point out to the Court that the United States Court of Appeals for the Third Circuit in Shoupe also explicitly recognized that its holding contradicted Tenth Circuit law.  See id. at 446 ("Contrary to our conclusion here, the Tenth Circuit has held . . . that a § 4A1.3 departure is limited by 18 U.S.C. § 3553(b), and is therefore permissible only if based on factors, or a 'unique combination of factors,' not adequately taken into consideration by the Guidelines.")(internal citations and quotations omitted).  Therefore, because the

holding in Shoupe is in contradiction with Tenth Circuit law, see United States v. Caldwell, 219 F.3d at 1195, the Court will not rely on it.

In evaluating whether Quintana's criminal history over-represents the seriousness of his behavior or the likelihood he will re-offend, it does not appear that any disparity in sentencing exists. The United States Probation Office appropriately applied the Guidelines as to each conviction. Quintana had four separate convictions in less than two years, and including this conviction, five in a three and a half year period, which shows a pattern of criminal acts. See PSR ¶¶ 42-45, at 10-11; Plea Agreement. Along with this offense, a serious offense in which Quintana brandished a firearm, Quintana has demonstrated his inability to cease his criminal acts.

Moreover, in relation to the Bank Robbery itself, Quintana is at an offense level 19 with a criminal history category of III; the Guidelines range is 37 to 46 months. Quintana's criminal history category and imprisonment range is not over-represented in relation to the seriousness of this offense. There is also no disparity in Quintana's sentencing range in comparison with sentences that other persons, who have committed similar offenses, receive.

Based on the information before the Court, the Court agrees with the United States Probation Office. Quintana's criminal history is not over-represented, and a downward departure is thus not warranted.

## II.    A DEVIATION IS APPROPRIATE AND WILL RESULT IN A REASONABLE SENTENCE.

Even though the Court concludes that the PSR has correctly calculated Quintana's Guidelines sentence, the Court declines to impose a sentence within the range that the Guidelines prescribe and instead will deviate from the Guidelines under Booker. After considering the relevant factors under

18 U.S.C. § 3553(a), the Court will impose a reasonable sentence that, although it varies from the Guidelines, will more effectively promote the sentencing goals identified in 18 U.S.C. § 3553(a). The Court has considered the applicable sentencing range, as reflected in the presentence report -- which the Court has adopted as its own findings and conclusions. The Court has also considered other sentencing goals, such as the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and effectively providing the defendant with certain needs, and the Court believes that a sentence of 33 months for Count I of the Indictment reflects the factors embodied in § 3553(a), is reasonable, and is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

This crime is of a greater magnitude than those with which Quintana was previously convicted -- this is the first crime of violence for which Quintana was convicted. The Court notes that Quintana's previous convictions were for less serious crimes -- two convictions for possession of marijuana, one conviction for possession of drug paraphernalia, and one conviction for shoplifting. While the Court takes seriously these previous four convictions, they are relatively minor in comparison with this conviction. The Court gives some consideration for the comparatively less serious offenses for which Quintana has been convicted in the past. In addition, Quintana is being sentenced for a longer term under Count II of the Indictment. Because the sentence under Count II is a longer term, the sentence under Count I does not need to be as long to reflect the seriousness of the crime committed, in light of the fact that Quintana's previous convictions were of a less serious nature in comparison to the current conviction. The Court will also recommend that Quintana participate in the Bureau of Prisons 500-hour drug and alcohol treatment program. The Court will

sentence Quintana to 33 months for Count I of the Indictment.

**IT IS ORDERED** that Quintana's requests in his Sentencing Memorandum are granted in part and denied in part.  The Court will not depart from the Guidelines.  The Court will deviate from the Guideline sentence for Count I of the Indictment and imposes a reasonable sentence of 33 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Louis E. Valencia
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorney for the Plaintiff*

Dennis W. Montoya
Rio Rancho, New Mexico

     *Attorney for the Defendant*